Zheng v. Holder

BIA
Vomacka, IJ
A094 793 289

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand fourteen.

PRESENT:
JOSÉ A. CABRANES,
DENNY CHIN,
SUSAN L. CARNEY,
    *Circuit Judges.*

_____

WEN ZHENG, AKA ZHENG WEN,
    *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

12-4528
NAC

_____

FOR PETITIONER:     Adedayo O. Idowu, New York, NY.

FOR RESPONDENT:     Stuart F. Delery, Assistant Attorney General; Linda S. Wernery, Assistant Director; Kerry A. Monaco, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Wen Zheng, a native and citizen of China, seeks review of an October 26, 2012, decision of the BIA affirming the February 7, 2011, decision of Immigration Judge ("IJ") Alan Vomacka, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Zheng*, No. A094 793 289 (B.I.A. Oct. 26, 2012), *aff'g* No. A094 793 289 (Immig. Ct. N.Y. City Feb. 7, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We conclude that the adverse credibility determination is supported by substantial evidence. For applications such as Zheng's, governed by the REAL ID Act of 2005, the agency

2

may, "[c]onsidering the totality of the circumstances," base a credibility finding on the plausibility of an applicant's account and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).  We "defer [ ] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

The agency reasonably based its adverse credibility determination on the inconsistency between Zheng's written statement and testimony regarding when he began practicing Falun Gong in the United States, as the inconsistency called into question the truthfulness of his asylum application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167 (noting that, post-REAL ID Act, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible" (emphasis in original)); *Xian Tuan Ye v. DHS*, 446 F.3d 289,

295-96 (2d Cir. 2006) (per curiam) (holding that a material inconsistency regarding the alleged persecution at the basis of the claim constitutes substantial evidence). Moreover, the agency reasonably declined to credit Zheng's explanation for the inconsistency given the explicit statements in his application that he both practiced and supported Falun Gong. *See Matter of D-R-*, 25 I&N Dec. 445, 455 (BIA 2011); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The agency also reasonably relied on the implausibility of Zheng's claim that he was unaware of the risks associated with posting Falun Gong content on the Internet, given his testimony that his business was managing the website and he posted the information on a hidden page of the website to avoid discovery. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007); *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007). Given Zheng's questionable testimony, the agency reasonably relied on his failure to provide adequate corroborating evidence in support of his claims. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency was not required to credit letters from Zheng's father and friend, as they were not subject to cross-examination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471

4

F.3d 315, 342 (2d Cir. 2006) (explaining that the weight afforded to the applicant's evidence lies largely within the discretion of the agency); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (finding that unsworn letters from the alien's friends and family were insufficient to provide substantial support for the alien's claims because they were interested witnesses not subject to cross-examination (citations omitted)), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012).

Given the inconsistencies and implausibility and corroboration findings, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Zheng's life or freedom depended upon his credibility, the adverse credibility determination necessarily precludes a grant of asylum, withholding of removal, or CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for

5

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk